UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.:
IN ADMIRALTY

**CASHMAN EQUIPMENT CORP.,**
    **Plaintiff**

vs.

**MICOPERI, SpA,**
    **Defendant**

## VERIFIED COMPLAINT TO CONFIRM ARBITRATION AWARD AND FOR MARITIME ATTACHMENT/GARNISHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

Now comes the Plaintiff, Cashman Equipment Corp. ("Cashman"), in the above entitled action, by and through its counsel, Fowler Rodriguez, LLP and Clinton & Muzyka, PC, and files its Complaint to Confirm Arbitration Awards and for Maritime Attachment/Garnishment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

### INTRODUCTION AND JURISDICTION

1. This is an Action to Confirm two [2] Final Arbitration Awards issued by the London Maritime Arbitrators Association ("LMAA"), both dated December 15, 2016 in favor of Cashman and against the Defendant, formally known as Micoperi, S.r.l. and now known as Micoperi SpA ("Micoperi"). These Final Awards are attached hereto as Exhibits "A" and "B" respectively and incorporated herein by reference.



2

2. Additionally, this is an action for Rule B Attachment to attach and garnish funds owned by Micoperi and held by a garnishee presently located in the State of Florida, including, without limitation, those in the hand of garnishee Costa Crociere, S.p.A. ("Costa"), as security to pay the Final Arbitration Awards and anticipated judgment confirming the same.

3. Jurisdiction is based on Admiralty and Maritime jurisdiction within the meaning of Fed.R.Civ.P. 9(h) and 28 U.S.C. § 1333. Jurisdiction is further based on federal law pursuant to 28 U.S.C. § 1331, specifically the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq., and the Federal Arbitration Act, 9 U.S.C. § 1, 8, et seq.

## PARTIES

4. Cashman is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and has a principal place of business located in Braintree, Massachusetts. Cashman is engaged in the business of, *inter alia*, chartering tugs and barges.

5. On information and belief, Micoperi is an Italian entity which is organized under the laws of the Italian Republic, and has a place of business located in Ravenna, Italy.

6. On information and belief, Costa is an Italian entity registered to transact business in Florida, and has an office located in Hollywood, Florida.

## CHARTER PARTIES, ARBITRATION AND AWARD



3

7. Cashman and Micoperi are parties to two [2] written, charter parties, whereby Micoperi agreed to charter two [2] of Cashman's barges in exchange for the payment of hire and other related expenses. The Charter Parties and the corresponding barges are set forth as follows:

   a. JMC 2510 dated October 17, 2012, attached hereto as Exhibit C and incorporated herein by reference.

   b. JMC 2514 dated October 17, 2012, attached hereto as Exhibit D and incorporated herein by reference.

8. Each Charter Party calls for the Arbitration of any disputes arising thereunder before the LMAA in London, United Kingdom. *See* Exhibits C-D, Part I Box 34 and Part II, Clause 33 (Dispute Resolution Clause).

9. Micoperi did not fully pay the Charter Hire and related expenses as owed on both charters and Cashman initiated two [2] separate Arbitration Claims before the LMAA with respect to each barge.

10. With respect to the barge JMC 2510, on December 15, 2016, the Arbitrator issued an award in favor of Cashman and against Micoperi in the principal amount of US$ 795,582.11 together with interest calculated thereon at various portions and rates ranging from LIBOR + 2.5% to 12% per annum, compounded quarterly, as more specifically set forth in Exhibit A. Additionally, the Arbitrator awarded Cashman one half of the Arbitrator fees in the amount of £4,720.00 (approximately $5,930.21) together with interest at the rate of 4.75% per annum, compounded quarterly thereon. The Arbitration Panel also found Micoperi responsible for recoverable costs incurred by Cashman arising out of the arbitration. As of January 23, 2017, Micoperi owes



Cashman **US$837,304.46** for this Final Arbitration Award inclusive of interest. See Exhibit F.

11. With respect to the barge JMC 2514, on December 15, 2016, the Arbitration Panel issued an award in favor of Cashman and against Micoperi in the principal amount of US$ 879,865.13 together with interest calculated thereon at various portions and rates ranging from LIBOR + 2.5% to 12% per annum, compounded quarterly, as more specifically set forth in Exhibit B. Additionally, the Arbitration Panel awarded Cashman one half of the Arbitration Panel fees in the amount of £28,735.00 (approximately $36,102.65) together with interest at the rate of 4.75% per annum, compounded quarterly. The Arbitration Panel also found Micoperi responsible for recoverable costs incurred by Cashman arising out of the arbitration which Cashman has quantified at US$393,254.79. As of January 23, 2017, Micoperi owes Cashman **US$1,488,187.11** for this Final Arbitration Award inclusive of interest. See Exhibit G.

12. In sum, Micoperi owes Cashman **US$2,325,491.57** on account of the two [2] Final Arbitration Awards set forth above as of January 23, 2017, which continues to accrue interest as set forth in each award.

13. Interest anticipated to accrue on the aforesaid principal during the pendency of this action, calculated at the rate of six percent [6%] per annum pursuant to Rule E(5)(a), for a period of six [6] months, is US$69,764.75.

14. In all, the claim for which Cashman sues in this action, as near as presently may be estimated, totals **US$2,395,256.32**.



5

15. Upon information and belief which became known to Cashman on or about 20 January 2017, Micoperi has recently petitioned the High Court in London to challenge and appeal certain aspects of the Final Arbitration Awards. See Exhibit H.

## COUNT I:
## CONFIRMATION OF ARBITRATION AWARD

16. Cashman reiterates and reaffirms the allegations contained in Paragraphs 1-15 inclusive and incorporates same as if fully set forth herein.

17. Cashman is entitled to confirmation of both Final Awards pursuant to 9 U.S.C. §§ 9 and 207.

**WHEREFORE,** Cashman respectfully prays that this Honorable Court enter judgment on Count I of its Complaint, and confirm both Final Arbitration Awards in favor of Cashman and against Micoperi as follows:

(a) For the Barge JMC 2510, by Award dated December 15, 2016, award Cashman the sum of **US$ $837,304.46** together with interest calculated after January 23, 2017, as set forth in the Final Arbitration Award. See Exhibit A and Exhibit F;

(b) For the Barge JMC 2514, by Award dated December 15, 2016, award Cashman the sum of **US$ $1,488,187.11** together with interest calculated after January 23, 2017, as set forth in the Final Arbitration Award. See Exhibit B and Exhibit G;

(c) Any such further relief this Honorable Court deems just and proper.

## COUNT II:
## RULE B ATTACHMENT AND GARNISHMENT



6

18. Cashman reiterates and reaffirms the allegations contained in Paragraphs 1-15 inclusive and incorporates same as if fully set forth herein.

19. Upon information and belief, and after investigation, the Defendant, Micoperi, cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Cashman is informed that Garnishee Costa has, or will shortly have, assets comprising, *inter alia*, cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, cargo, vessels, or any other assets of, belonging to, due or being transferred to, from, or for the benefit of Micoperi (collectively hereinafter, "ASSETS"), including but not limited to ASSETS as may be held, received or transferred in its name or for its benefit, at, moving through, or being transferred to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.  Such ASSETS include, but are not limited to, funds that Costa owes to Micoperi, in the form of a debt, in connection with the work already preformed and/or to be performed in the future by Micoperi for Costa in connection with the wreck removal of the P/V COSTA CONCORDIA, which ran aground on Giglio Island on or about 13 January 2012.  See attached press release concerning Micoperi's work removing the P/V COSTA CONCORDIA on behalf of Costa attached hereto as Exhibit E and incorporated herein by reference and available at http://www.micoperi.com/en/capabilities/removal-costa-concordia-has-been-awarded-micoperi.



7

20. Because Costa is present within the jurisdiction of this Honorable Court, said funds that Costa owes to Micoperi, in the form of a debt is deemed within the jurisdiction of this Court and is subject to garnishment to settle and serve as security for the debt owed by Micoperi to Cashman.

21. The total amount to be attached pursuant to the calculation set forth above is **US$2,395,256.32**.

**WHEREFORE,** Plaintiff, CASHMAN EQUIPMENT CORP., prays:

a. That process in due form of law according to the practice of this Court may issue against Micoperi, citing it to appear and answer the foregoing, failing which default may be taken;

b. That if Micoperi cannot be found within this District pursuant to Supplemental Rule B all tangible or intangible property of Micoperi up to and including the sum of **US$2,395,256.32** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, cargo and/or vessels, of, belonging to, due, held or being transferred to, from, or for the benefit of Micoperi at, moving through or being transferred to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein, such garnishees including, but not limited to Costa as set forth herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order for the



8

recognition and enforcement of the Final Arbitration Awards or judgment entered against Micoperi in the London arbitration proceedings; and

d. For such other, further and different relief, including but not limited to attorneys' fees, interest, costs and disbursements, as this Court may deem just and proper in the premises.

## COUNT III:
## SECURITY UNDER ARTICLE IV OF THE CONVENTION

22. Cashman reiterates and reaffirms the allegations contained in Paragraphs 1-15 inclusive and incorporates same as if fully set forth herein.

23. Under Article VI of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, enforceable herein pursuant to 9 U.S.C. § 208, a District Court can issue suitable security upon the following conditions:

   If an application for the setting aside or suspension of the award has been made to a competent authority . . . the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

24. Micoperi, by petitioning the English High Court to vacate the Final Arbitration Awards, empowers this Court, wherein the Final Arbitration Awards enforcement is sought, to require suitable security from Micoperi.

**WHEREFORE,** and in the alternative, Plaintiff, CASHMAN EQUIPMENT CORP., prays:



9

e.  That process in due form of law according to the practice of this Court may issue against Micoperi, citing it to appear and answer the foregoing, failing which default may be taken;

f.  That if Micoperi cannot be found within this District pursuant to Article VI of the Convention all tangible or intangible property of Micoperi up to and including the sum of **US$2,395,256.32** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, cargo and/or vessels, of, belonging to, due, held or being transferred to, from, or for the benefit of Micoperi at, moving through or being transferred to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment and Garnishment issued herein, such garnishees including, but not limited to Costa as set forth herein;

g.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order for the recognition and enforcement of the Final Arbitration Awards or judgment entered against Micoperi in the London arbitration proceedings; and

For such other, further and different relief, including but not limited to attorneys' fees, interest, costs and disbursements, as this Court may deem just and proper in the premises.



Respectfully submitted,
Plaintiff,
Cashman Equipment Corp.

By its attorneys:
FOWLER RODRIGUEZ, LLP

/s/ *William B. Milliken*
**William B. Milliken**
Florida Bar No.: 143193
355 Alhambra Circle, Suite 801
Coral Gables, FL 33134
Telephone: (786) 364-8400
Telefax: (786) 364-8401
Email:
wmilliken@frfirm.com

and

**CLINTON & MUZYKA, P.C.**

*/s/"Thomas J. Muzyka"*
**Thomas J. Muzyka**
**MA. BBO NO. 365540**
**Olaf Aprans**
**MA. BBO NO. 670434**
88 Black Falcon Avenue
Suite 200
Boston, MA 02210
Telephone:(617) 723-9165
TeleFax: (617) 720-3489
Email:
tmuzyka@clinmuzyka.com



11

## VERIFICATION

ANDREW B. SAUNDERS, being duly sworn, deposes and says as follows:

I am General Counsel for Plaintiff, Cashman Equipment Corp., in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

_____
Andrew B. Saunders

### COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                                                                 January 23, 2017

Then personally appeared before me, the above named **Andrew B. Saunders**, known to me to be the same and made oath that he is **General Counsel** for the Plaintiff, **Cashman Equipment Corp.**, and he executed the above VERIFICATION as a duly authorized act and acknowledges the same to be his free act and deed, and the free act and deed of **Cashman Equipment Corp.**



_____
Notary Public
My Commission Expires:

